# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD IDEN,

    *Plaintiff*,

vs.

STATE OF NEVADA , *et al.*,

    *Defendants*.

3:14-cv-00003-RCJ-VPC

ORDER

This prisoner civil rights action comes before the Court for initial review.

Plaintiff did not properly commence this action by either submitting an application to proceed *in forma pauperis* or paying the filing fee.

The Court will dismiss this improperly-commenced action without prejudice. It does not appear that a dismissal without prejudice will materially impact the analysis of any statute of limitations issue or other issues in a promptly filed and properly commenced new federal action or otherwise result in substantial prejudice.[1]

---

[1] Plaintiff's civil rights complaint necessarily challenges the validity of his April 2008 state conviction, habitual criminal adjudication, and sentence. He names as defendants the State of Nevada and the presiding state district court judge in his official capacity. Plaintiff alleges, *inter alia*, that "[a]lthough I pled guilty to a Class C felony theft, it was placed on my record as a Class B felony which has negatively effected [sic] my good time and work credits causing me to serve more time." He requests that his case be "sent back" to the state district court and that he be awarded monetary damages. The online docket records of the state district court and state supreme court reflect that sundry proceedings challenging plaintiff's conviction, habitual criminal adjudication and/or sentence concluded more than three years ago in 2010.

Plaintiff's claims thus would appear to be either: (a) barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), as not cognizable unless and until his conviction has been overturned and/or his alleged increased

(continued...)

1  IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new properly commenced action under a new docket number with either the required filing fee or a properly completed application to proceed *in forma pauperis*. The Clerk of Court shall SEND plaintiff two copies each of a pauper form for prisoner, a civil rights complaint form, and a noncapital habeas petition form, along with the instructions for the forms and one copy of all papers that he submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

Dated: This 17th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1](...continued)
confinement has been adjudged invalid via, *inter alia*, post-conviction or habeas relief, which has not occurred in either state or federal court; or (b) barred on their face by the applicable two-year statute of limitations to any *arguendo* extent that the claims otherwise would have been cognizable notwithstanding *Heck*. Dismissal without prejudice of the present improperly commenced action will not materially impact the analysis of such issues in a promptly filed and properly commenced new action.

The Court additionally notes that the one-year limitation period for bringing a federal habeas action has expired on its face, absent additional tolling or delayed accrual. Dismissal of this improperly commenced civil rights action without prejudice therefore will not have any material indirect impact with regard to the limitation analysis in any later habeas action.

This order does not signify that the complaint is free of other deficiencies. *Inter alia*, plaintiff may not pursue an action against the State of Nevada in federal court, regardless of the relief sought, due to the state sovereign immunity recognized by the Eleventh Amendment. Nor may plaintiff seek monetary damages from a state official named in his official capacity – both because of state sovereign immunity and because the state official does not constitute a "person" subject to suit under § 1983 when sued for monetary damages in his official capacity. A state court judge further would be absolutely immune from suit for monetary damages in his individual capacity based upon judicial actions taken in a state criminal case.

Plaintiff at all times remains responsible for calculating the applicable limitations periods and properly and timely commencing an action for appropriate relief.